IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RASHEDA JAMES,** § | |
| § | |
| **Plaintiff** § | |
| § | CIVIL NO. _____ |
| -v- § | |
| § | **JURY DEMAND** |
| **SYSCO CORPORATION** § | |
| § | |
| **Defendant.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Rasheda James (hereinafter referred to as "Ms. James" or "Plaintiff") in the above-referenced matter, complaining of and about Defendant Sysco Corporation, (hereinafter referred to as "Sysco" or "Defendant"), and for cause of action files this Original Complaint, showing to the Court the following:

### I.  PARTIES

1. Plaintiff Rasheda James is an individual who resides in Fort Bend County, Texas.

2. Defendant Sysco Corporation is an entity doing business within the state of Texas. Defendant that may be served with process by serving its registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th St. Ste. 620, Austin, TX 78701.

### II.  JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended) (which

is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII") and 42 U.S.C. § 1981 (hereinafter referred to as "§ 1981").

4. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. (hereinafter referred to as the "TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5. Venue is appropriate because the acts giving rise to this lawsuit occurred within Harris County, Texas, which is within the Houston Division of the Southern District of Texas.

### III.    NATURE OF THE ACTION

6. This is an action brought pursuant to Title VII and the TCHRA on the grounds that Plaintiff was discriminated against by Defendant because of Plaintiff's race (African-American) and age.

7. Additionally, Plaintiff files this action pursuant to 42 U.S.C. § 1981 to correct and recover the Defendant's unlawful employment practices on the basis of Plaintiff's race.

### IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On January 21, 2020, Plaintiff filed a dual charge of discrimination with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and the Texas Workforce Commission-Civil Rights Division (hereinafter referred to as the "TWC") against Defendant for discrimination based on race, age, and retaliation (Charge No. 460-2020-02089).   (See Exhibit 1, which is attached hereto and incorporated by reference).

9. Subsequently, the EEOC issued Plaintiff a Notice of Right Sue, dated July 29, 2020. (See Exhibit 2, which is attached hereto and incorporated by reference). Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notice. Therefore, this lawsuit is timely filed.

## V. FACTS

10. Ms. James, African-American woman over the age of 40, is highly qualified in the field of corporate auditing, with nearly fifteen years of related work experience, of which fourteen Plaintiff spent with Sysco. On March 14, 2005, Plaintiff was hired by Sysco as a Staff Auditor. Through Plaintiff's hard work and dedication, Plaintiff earned regular salary raises and promotions. Based on Plaintiff's experience, great work performance, and annual performance reviews, Plaintiff was eventually promoted by Sysco to the Director of Corporate Audits position. Plaintiff was the only woman of color in a managerial role at Sysco, with Plaintiff's supervisors and management peers all being Caucasian males.

11. During meetings with Plaintiff's white male supervisors, Plaintiff would always be singled out and treated differently from Plaintiff's white, male, and younger peers. For example, Plaintiff's supervisor, Greg Neely, called Plaintiff into a one-on-one meeting on March 19, 2019, to discuss an Audit Status meeting that took place earlier. Mr. Neely asked Plaintiff for Plaintiff's thoughts on the meeting. Plaintiff replied with what felt was the truth, that is, that the meeting went well up until the point when Plaintiff was asked if there were any changes in key processes regarding SOX compliance, to which Plaintiff truthfully replied that a recent process change was indeed made. Mr. Neely was not content with Plaintiff's answer and told Plaintiff that she should have not mentioned the changes at all. Instead, Mr. Neely told Plaintiff that she should have lied to the external auditors and stated that there were no changes in the processes. No white, male, or

younger peers of Ms. James were asked to lie to external auditors or to falsify any other information that was reflective of Sysco's performance.

12.     Following the March 19 meeting, Mr. Neely ceased having one-on-one meetings with Plaintiff altogether, leaving Plaintiff to rely on her own knowledge and experience in running the department. On May 24, 2019, Plaintiff participated in an Audit Status Deck Review meeting, with Mr. Neely present. Plaintiff was under the impression that this meeting was arranged to discuss a PowerPoint™ presentation for routine business purposes.  During that meeting, frustrated by the lack of feedback and condescending attitude, Plaintiff inquired if she was being replaced or terminated, to which Mr. Neely replied with a "yes." No warning, in the form of a performance review or otherwise, was given to Plaintiff to appraise Plaintiff that something was amiss with her performance. To the opposite, the regular performance reviews that Plaintiff received from Mr. Neely himself all indicated that Plaintiff performed on or above the set target on all goals provided. It also transpired during that meeting that Mr. Neely had long been planning to get rid of Plaintiff, despite his face-to-face niceties and high grades on the performance reviews he gave to Plaintiff. Plaintiff learned that Mr. Neely inquired with Sysco's HR about Plaintiff's termination some time before the May 24 meeting. The HR department representative, Ashley Michael, suggested to Mr. Neely that Plaintiff be demoted instead of being replaced or terminated, to which Mr. Neely responded in the negative. Mr. Neely further discouraged the HR department and other hiring managers from giving Plaintiff an alternative position within the company, because, per Mr. Neely, Plaintiff was not capable of handling multiple projects. At the same time, the very performance review that Mr. Neely gave to Plaintiff earlier clearly stipulated that Plaintiff excelled at multitasking, with multiple projects involved. In fact, the evidence is clear that Plaintiff was

successfully handling twice as many projects as two of her peers, with both peers being younger and Caucasian and with both still employed by Sysco to this day.

13. Mr. Neely, in a follow up email to his May 24 conversation with Plaintiff, indicated some areas of Plaintiff's performance that may have used improvement, of which areas most were already addressed and appropriately dealt with by Plaintiff. It is to Plaintiff's knowledge that Caucasian, younger, and male reports of Mr. Neely received similar or stronger-worded recommendations from Mr. Neely, yet none of them were demoted, let alone terminated, by Sysco.

14. Despite seeing and knowing that Mr. Neely's mind was set on squeezing his sole female African American report over 40 out of the company, Mr. Neely refused to let Plaintiff go until November 1, 2019, because Sysco, apparently, needed Plaintiff's allegedly inept multiple project management skills to manage more audit projects, including Plaintiff's appointment to be the closing manager for the Mexico audit, shortly before November 1. When Plaintiff's usefulness to Sysco was exhausted, Plaintiff was unceremoniously let go of, with a meagre payout offered by Sysco, which payout did not even match the company's own severance policies. The discriminatory actions of Mr. Neely should not have been a surprise to Plaintiff, as he had engaged in such conduct previously in his conduct toward and termination of another African American female under his supervision.

## VI. COUNT 1 - TITLE VII RACE DISCRIMINATION

15. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

16. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race (African-American).

17. Defendant discriminated against Plaintiff in connection with the compensation,

terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status because of Plaintiff's race (African-American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

### VII. COUNT 2 - TCHRA RACE DISCRIMINATION

18. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

19. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race (African-American).

20. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's race (African-American), in violation of Texas Labor Code § 21.051 et seq.

### VIII. COUNT 3 - TITLE VII AGE DISCRIMINATION

21. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

22. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her age (42).

23. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect his status because of Plaintiff's age (42), in violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e-2(a).

## IX.    COUNT 4 - TCHRA AGE DISCRIMINATION

24. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

25. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her age (42).

26. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's age (42) in violation of Texas Labor Code § 21.051 et seq.

## X.    COUNT 5-SECTION 1981 RACIAL DISCRIMINATION

27. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

28. Pursuant to 42 U.S.C. § 1981, Plaintiff pleads a cause of action against Defendant for racial discrimination.

29. Plaintiff was treated differently than other non-African-American employees in terms conditions of his employment. As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## XI.    JURY DEMAND

30. Plaintiff demands trial by jury.

## XII. **PRAYER**

31. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

 a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

 b. Compensatory damages, including, but not limited to, emotional distress;

 c. Past, present, and future physical pain and mental suffering;

 d. Punitive damages;

 e. Liquidated damages;

 f. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

 g. Pre-judgment interest at the highest rate permitted by law;

 h. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

 i. Costs of Court; and

 j. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,



_____
Alfonso Kennard, Jr.

Alfonso Kennard, Jr.
Texas Bar No. 24036888
SDB No. 71331
alfonso.kennard@kennardlaw.com
2603 Augusta Dr., Ste. 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)

ATTORNEY FOR PLAINTIFF